Weygandt, C. J.
 

 The single question of law before this court is whether the provisions of Section 3024, General Code, prohibit payment of the usual witness fees to a police officer who, in response to a subpoena, appears and testifies before a grand jury or in the trial of a criminal case in the Court of Common Pleas.
 

 This section reads as follows:
 

 “No watchman or other police officer is entitled to witness fees in a cause prosecuted under a criminal law of the state, or an ordinance of a city before a police judge or mayor of such city, justice of the peace, or other officer having jurisdiction in such causes.”
 

 In approaching this problem it is helpful to remember the general rule that when a public officer, in the discharge of his official duties, is not required to be present in person upon the trial of a particular case, he is entitled to the same fees as any private person if he is called as a witness therein. 28 Ruling Case Law, 662. This principle is reflected in Section 3014, General Code, which contains the following provision:
 

 “Each witness attending under recognizance or subpoena, issued by order of the prosecuting attorney or defendant, before the court of common pleas, or grand jury, or other court of record, in criminal causes, shall be allowed the same fees as in civil causes * *
 

 Consequently, a police officer, like any other witness who responds to a subpoena, is entitled to fees therefor unless clearly prevented by the inhibitions of Section 3024, General Code.
 

 The first thing to be noted is that this latter section makes no mention of the grand jury or the Court of Common Pleas. It names only “a police judge or mayor * * *, justice' of the peace, or other officer
 
 *340
 
 having jurisdiction in such causes.” If the Legislature had desired to include tribunals of the importance of the grand jury and the Court of Common Pleas, the great probability is that this intention would not have been left to mere inference. Application of the maxim
 
 expressio unius est exclusio alterius
 
 seems proper. However, the respondent contends that the clause “No watchman or other police officer is entitled to witness fees in a cause prosecuted under a criminal law of the state” should be read separate and apart from the remaining phrases. On the other hand the relator insists that the sentence must be read as a unit, and that the concluding words “before a police judge or mayor of such city, justice of the peace, or other officer having jurisdiction in such causes” must be considered as modifying and limiting “law” as well as “ordinance.” It is urged that any other construction would render the concluding words useless inasmuch as the purpose would then have been accomplished by having the statute read simply “No watchman or other police officer is entitled to witness fees in a cause prosecuted under a criminal law of the state, or an ordinance of a city.” Thus the relator contends that the concluding words are of no significance unless they modify and limit “law” as well as “ordinance.”
 

 Further comment would serve no useful purpose. It must be conceded that this statute is inartistically drawn as to both phraseology and punctuation. It is likewise true that the precise meaning of the language is not free from doubt. As has been indicated already, if this statute is to serve as a limitation upon the general rule and upon the provisions of Section 3014, General Code, it must do so in clear and unambiguous terms. This it fails to do in so far as a grand jury and the Court of Common Pleas are concerned. Therefore the relator as a police officer is not prevented from obtaining the usual witness fees for testifying
 
 *341
 
 before the grand jury and in the trial of a criminal case in the Court of Common Pleas.
 

 The judgment of the Court of Appeals allowing a peremptory writ must be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.